JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINICK J. GUILLEN, et al., | Case No. CV 15-8257 FMO (PJWx) |
| Plaintiffs, | |
| v. | **ORDER REMANDING ACTION** |
| SELECT PORTFOLIO SERVICING, INC., et al., | |
| Defendants. | |

On September 21, 2015, Dominick J. Guillen and Shannon L. Guillen ("plaintiffs") filed a Complaint in the Superior Court of the State of California for the County of Santa Barbara against Select Portfolio Servicing, Inc., Wells Fargo Bank, N.A., National Default Servicing Corporation ("NDSC") (collectively, "removing defendants"), Bank of America, N.A., and Does 1 through 25 (collectively "defendants"). (See NOR at ¶ 1 & Exhibit ("Exh.") A ("Complaint")). On October 21, 2015, the removing defendants removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See NOR at ¶ 9).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119

1 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H
2 Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

3 "The right of removal is entirely a creature of statute and a suit commenced in a state court
4 must remain there until cause is shown for its transfer under some act of Congress." Syngenta
5 Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation
6 marks omitted). Where Congress has acted to create a right of removal, those statutes, unless
7 otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise
8 expressly provided by Congress, "any civil action brought in a State court of which the district
9 courts of the United States have original jurisdiction, may be removed by the defendant or the
10 defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252
11 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is
12 proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per
13 curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the
14 removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong
15 presumption against removal jurisdiction means that the defendant always has the burden of
16 establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any
17 doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts
18 in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction
19 must be rejected if there is any doubt as to the right of removal in the first instance.").

20 "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that
21 provision, [the removing defendants] must demonstrate that original subject-matter jurisdiction lies
22 in the federal courts." Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370. Failure to do
23 so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and.
24 . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc.

25

---

26  [1] Given Congress's intent to facilitate adjudication of certain class actions in federal court, an
27 "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness
Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Company, LLC v.
28 Owens, 135 S.Ct. 547, 554 (2014).

1 v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final
2 judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
3 remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2
4 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a
5 waivable matter and may be raised at anytime by one of the parties, by motion or in the
6 responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel
7 Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where
8 the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

9     The court's review of the NOR and the attached state court Complaint makes clear that this
10 court does not have subject matter jurisdiction over the instant matter.[2] See 28 U.S.C. § 1441(a);
11 Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court
12 actions that originally could have been filed in federal court may be removed to federal court by
13 the defendant.") (footnote omitted). In other words, plaintiffs could not have originally brought this
14 action in federal court, as plaintiffs do not competently allege facts supplying diversity jurisdiction.
15 See 28 U.S.C. § 1332(a).[3]

16     Although the Complaint identifies NDSC as a defendant, and NDSC is included as a
17 removing defendant, the NOR does not disclose its citizenship. (See, generally, NOR at ¶ 9). In
18 other words, the NOR does not allege that every defendant is diverse from every plaintiff. See 28
19 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship
20 pursuant to 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. See
21 Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity
22 jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from
23 the citizenship of each defendant"). Given that any doubt regarding the existence of subject

---

25     [2] The removing defendants seek only to invoke the court's diversity jurisdiction. (See,
26 generally, NOR).

27     [3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original
jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of
28 $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that the removing defendants have met their burden. Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Santa Barbara, 312-C East Cook Street, Santa Maria, CA 93456, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 16th day of November, 2015.

/s/
Fernando M. Olguin
United States District Judge